# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | SA-08-CR-391-XR |
| CYNTHIA REYES MARROQUIN | § | SA-12-CV-293-XR |

## ORDER

On this day came on to be considered Defendant's motion to vacate (docket no. 162) and the Magistrate Judge's Memorandum and Recommendation.

## I.  Background

On June 18, 2008 an indictment was filed in this case alleging that the Defendant conspired to distribute and possessed with intent to distribute 5 kilograms or more of cocaine and aided and abetted the distribution of cocaine. Thereafter, she retained the services of attorney Nancy Blair Barohn.

Prior to the entry of any plea agreement or trial, Barohn advised the Defendant to submit to a "debriefing" with the Government. The Government agreed that any statements made by the Defendant during the "debriefing" would not later be held against her should the case proceed to trial. A "debriefing" took place on October 20, 2008.[1]

All parties agree that between October 20, 2008 and the date trial began in this case (September 28, 2009), the Assistant U.S. Attorney and Ms. Barohn exchanged various emails

---

[1] USSG § 5C1.2 states that a court may during sentencing disregard any statutory minimum sentence if "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." *See also* 18 U.S.C. §3553(f).

regarding a possible plea.  On March 11, 2009, the AUSA discussed with Ms. Barohn the possibility of Defendant entering a plea under the following basis: a base level of 32, a reduction of three points for acceptance of responsibility, and a further reduction of two points for safety valve.  Under this proposal, the Defendant would have a criminal history of I and an adjusted offense level of 27.  Her advisory guideline range would have then been between 70 to 87 months.[2]

A plea agreement was not reached because Ms. Barohn expressed concern that the Sentencing Guidelines may nevertheless take in account additional quantities of cocaine and that the Defendant could nevertheless face a minimum mandatory sentence of ten years.  Ms. Barohn sought a Fed. R. Crim. P. 11(c) agreement that would limit a prison sentence to a range of 57 to 71 months.

On or about September 19, 2009 (about a week prior to trial commencing), Ms. Barohn drafted a letter to the Defendant, which she hand delivered and reviewed with the Defendant.  In this detailed eight-page letter, Ms. Barohn detailed possibilities ranging from a jury acquittal to a guilty verdict on all counts. In pertinent part, Ms. Barohn explained the possibility that "the anecdotal 50 kilograms of cocaine" could be taken into consideration as "relevant conduct" for sentencing purposes.  In addition, Ms. Barohn explained that there was a potential of a mandatory minimum sentence of ten years.  However, Ms. Barohn further stated that since "you did a safety-valve debriefing, you are eligible for relief from the mandatory minimum requirement, and could receive a sentence below 10 years, even if you are convicted at trial."[3]  Some pages later, however, Ms. Barohn further qualified her statement stating "**If** you receive

---

[2] Government Exhibit 2 introduced during the March 5, 2013 evidentiary hearing.

[3] Government Exhibit 1 introduced during the March 5, 2013 evidentiary hearing.

the 'safety valve' adjustment, relieving the court of its statutory obligation to impose a mandatory 10 year sentence…." (Emphasis in original).

From September 28 through September 30, 2009, a jury trial was held. The jury found Defendant guilty of all three counts. On January 6, 2010, a probation officer filed a Presentence Investigation Report (PSR). In the PSR, the probation officer recommended that acceptance of responsibility points not be awarded because "On advice by defense counsel, Ms. Marroquin elected not to discuss the instant offense" and the "defendant put the government to its burden of proof at trial by denying the essential elements of guilt." Docket no. 118 at ¶¶ 19, 28. In addition, she was not awarded any safety valve adjustment because "according to the government, Ms. Marroquin did not meet all of the elements required for safety valve adjustment." *Id*. at ¶ 23. Finally, the probation officer recommended that Defendant receive an enhancement of two points because she was an organizer of the conspiracy. *Id*. at ¶ 25. Accordingly, the probation officer calculated Defendant's criminal history at I with an adjusted offense level of 34. *Id*. at ¶ 31. The advisory guideline range was 151 to 188 months, with a minimum mandatory sentence of ten years.

On March 4, 2010, a sentencing hearing was held. Defendant objected to the denial of the safety valve adjustment. The Government argued that although Defendant submitted to a debriefing on October 20, 2008, and although it had engaged in plea discussions with an expectation of a safety valve adjustment, as the Government prepared for trial, it became aware that the Defendant was not truthful during her debriefing. The Government further argued that she was an organizer, and accordingly not eligible for a safety valve adjustment. The Court ruled that the enhancement for organizer was not justified by the trial evidence and sustained Defendant's objection. With regard to the safety valve adjustment, the Court agreed with the

3

Government that the Defendant was not truthful during the debriefing because the trial evidence indicated that Defendant had conducted many more drug deliveries to Andrew Rodriguez, rather than the mere one delivery she acknowledged at the debriefing. The Court sentenced the Defendant to the ten year statutory mandatory minimum.

Defendant appealed her sentence and the Fifth Circuit affirmed. With regard to the safety valve adjustment, the Fifth Circuit stated:

> Setting aside that Marroquin cites no authority holding that the Government was bound by representations made during plea negotiations when no plea agreement was ever reached, her argument that the Government had agreed prior to trial that the safety valve adjustment was warranted ignores that the applicability of the adjustment was a matter for the district court to decide and was not subject to the Government's discretion. *See* § 5C1.2(a) (noting that the district court shall grant a safety valve adjustment "if the court finds" that the defendant satisfies the applicable criteria). Contrary to her assertion, the denial of the adjustment was not premised solely upon the credibility determinations of the interviewing detective; rather, the district court determined, based upon evidence adduced during trial and at sentencing, that Marroquin had not truthfully provided all information and evidence known to her during her pretrial debriefing. *See* § 3553(f)(5); § 5C1.2(a)(5). This court has rejected the proposition that a defendant whose sentencing hearing has commenced may cure her failure to fully debrief for safety valve purposes by doing so during a suspension of the proceedings. *See United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001).

*U.S. v. Marroquin*, 421 Fed. Appx. 391, 392 (5th Cir. 2011).

## II. Motion to Vacate

Defendant seeks to vacate her sentence arguing that Ms. Barohn provided her ineffective assistance. She states her claims as follows:

> Attorney Barohn advised Marroquin that if she went to trial and lost that she would still have the benefit of the "safety valve" provision and she would therefore not be sentenced under the statutory mandatory minimum sentence.

4

> Attorney Barohn advised Marroquin that by going to trial the judge would have a better illustration of the whole picture, including Marroquin's character and the prior criminal histories of the two main government witnesses and their lack of credibility. Barohn advised that this would enable the judge to impose a more appropriate sentence than what the government was offering in the plea agreement.
>
> Attorney Barohn advised Marroquin that the government was bound by its representations made during the plea negotiations, even though no plea agreement was ever reached. Barohn erroneously advised Marroquin that the government had granted her the "safety valve" provision regardless if she took the plea agreement or not. Barohn advised Marroquin that once the "safety valve" provision is granted, it is not subject to a plea agreement and that these two items were independent and proceeding to trial would not hinder the "safety valve" provision being awarded to her.
>
> Marroquin was not properly prepared in advance by attorney Barohn for the "safety valve" debriefing.
>
> Attorney Barohn should have explained to her client what the hearing was about and what the government wanted from her. Barohn should have explained to Marroquin that she needed to be forthright with the agents and to give truthful details of her involvement in the offense.
>
> Attorney Barohn should have rehearsed the hearing with her client so that she would have been prepared to answer fully, completely and unevasively the questions posed by the government.
>
> The "safety valve" debriefing was critical and the lynchpin for Marroquin to have received a significantly less harsh sentence. Had counsel properly prepared her, there is a reasonable probability that she would have been granted the "safety valve" provision.

The motion to vacate was referred to the Magistrate Judge for consideration. On July 24, 2012, the Magistrate Judge issued a Memorandum and Recommendation. Docket no. 168. In that Memorandum the Magistrate Judge recommended that the motion to vacate be denied. In pertinent part, the Magistrate Judge stated:

> Marroquin's claim that Barohn advised her that the government was bound by its representations made during the plea negotiations, even though no plea agreement was ever reached, was rejected by the Court of Appeals on her direct appeal.

5

> Similarly, the Court of Appeals rejected Marroquin's notion that the government had agreed to the "safety valve" provision, noting that the applicability of the adjustment was a matter for the District Court to decide and was not subject to the government's discretion. Marroquin has not produced any proposed plea agreement. Her claim that, but for Barohn's allegedly erroneous advice, she would have pled guilty and received a lesser sentence is entirely conclusory.

With regard to the claim that Ms. Barohn provided ineffective assistance by failing to adequately prepare her for the safety valve debriefing, the Magistrate Judge noted that argument was refuted by a letter signed by Defendant which explained the debriefing process to her.

Defendant, relying upon *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), filed objections to the Magistrate Judge's Memorandum and Recommendation, and requested that an evidentiary hearing be conducted. On January 2, 2013, new counsel for Marroquin was secured. On March 5, 2013, an evidentiary hearing was conducted.

### III. Evidentiary Hearing

Marroquin testified that prior to the debriefing she was informed about the "importance of telling the truth."

The Defendant also testified that she understood from her attorney that based upon an email from the AUSA dated March 11, 2009, that she was would be receiving a safety valve adjustment, and that she was told by Ms. Barohn that "once you are granted the safety valve, it is yours. You don't lose it. And if you go to trial, it doesn't affect it." She further testified that since she had the benefit of the safety valve, she did not "feel" that she had "anything to lose by going to trial." In addition, she stated that since she had a "guarantee" of "safety valve," she was proceeding to trial under the assumption that she would not be facing the ten year statutory

sentence. She testified that had she known that the "safety valve" was not guaranteed to her, she would not have proceeded to trial and would have pled guilty.

Although not stated in her motion to vacate, she advanced an argument that Ms. Barohn was ineffective by not appearing with her for the PSR interview and advising her not to talk with the probation officer about various subjects during the PSR interview process. She now argues that this resulted in denial of acceptance of responsibility adjustments.

Ms. Barohn was called to testify by the Government. Ms. Barohn testified that she has been practicing law since 1980 and is board certified in criminal law. Ms. Barohn testified that she informed her client of "all the different scenarios of what could happen," that she prepared and hand-delivered a letter dated September 19, 2009, and discussed this case with her client, and that Marroquin made the decision to proceed to trial. With regard to the safety valve adjustment, she testified that it was her belief that the debriefing was adequate and it "seemed to [her] that they would not have been included in the plea discussions if [Marroquin's] safety valve debriefing had not been adequate." She further testified that she "didn't think that there would be any possibility that [Marroquin] would not qualify for the safety valve because she had debriefed…. At no time … was I disabused that [Marroquin] had not given an adequate safety valve, and I assumed, and I think I was entitled to assume from the plea agreement discussions that, you know, that [Marroquin] had qualified for safety valve." Ms. Barohn testified that, prior to trial, she had communicated to Marroquin that her safety valve debriefing was sufficient.

## IV. Standard of Review

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A criminal defendant has the right to effective assistance of counsel during plea bargaining, and

7

defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012).

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S.Ct. 1376, 1382 (2012). "During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Id*. The "two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. "The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Id*.

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*.

For the deficiency prong, counsel's performance is to be accorded "a heavy measure of deference." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1408 (2011*); see also Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1100 (2012).

## V. Review of Magistrate Judge's Recommendation

Marroquin is entitled to a *de novo* disposition of those portions of the Magistrate Judge's Memorandum and Recommendation to which timely objections were raised. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Where no objections to the Magistrate Judge's Memorandum and Recommendation are raised, the district court need only satisfy itself that there is no clear error on the face of the record. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (*citing Douglass v. United Services*

*Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). Accordingly, the Court applies a *de novo* review to those portions of the Memorandum and Recommendation in this case.

## VI. Analysis

With regard to Marroquin's objections that the Magistrate Judge erred by recommending dismissal of the ineffective assistance claims regarding failing to adequately prepare her for the safety valve debriefing, this Court concludes that Marroquin was advised at the time she debriefed of the necessity to be completely truthful. Indeed, Marroquin admitted as much at the evidentiary hearing stating that she was informed about the "importance of telling the truth." Accordingly, those claims are dismissed.

The ineffective assistance claims regarding the "safety valve" adjustment are problematic. Attorney Barohn was correct in informing her client that she could proceed to trial and still be eligible to obtain a "safety valve" adjustment. The decision, however, to award or not award the "safety valve" provision was for the sentencing judge, not the Government. In addition, in order to qualify for the safety valve adjustment, the Defendant was required to truthfully provide to the Government all information and evidence she had concerning the offense. Unbeknownst to attorney Barohn, the Defendant failed to disclose during the debriefing the numerous drug deliveries she made to Andrew Rodriguez. At the debriefing she acknowledged only one delivery. What complicates this picture was that the Assistant U.S. Attorney never disavowed Attorney Barohn from her misunderstanding that an adequate debriefing had taken place. After the debriefing, Attorney Barohn received correspondence from the prosecutor still including the "safety valve" adjustment as part of a possible plea agreement. The Government argues in this motion to vacate proceeding that it did not become aware of all the dealings that Marroquin had with Andrew Rodriguez until it vigorously began its trial

9

preparation.[4] Although the Court is concerned with the Government's failure to disavow Defendant's counsel of the impression that the debriefing was adequate, this motion to vacate is predicated on an ineffective assistance of counsel claim. Attorney Barohn provided technically correct advice; had Marroquin been completely truthful, she would have been entitled to a "safety valve" adjustment notwithstanding the fact that she proceeded to trial. Attorney Barohn's advice was not deficient; Defendant Marroquin's debriefing was not completely truthful. Marroquin argues that Barohn told her she was guaranteed the "safety valve" adjustment. Marroquin, however, provides no evidence that Barohn told her that she was "guaranteed" the "safety valve" adjustment even if she lied during the debriefing. Barohn stated in her letter that Marroquin was only "eligible" for the adjustment, even if Marroquin went to trial. Marroquin's statement that she was "guaranteed" the "safety valve" adjustment regardless of whether she completely and honestly debriefed is not supported by the evidence in this matter. Accordingly, those claims are dismissed.

Marroquin also complains that her counsel was deficient in advising her not to speak with the probation officer preparing her presentence report and thus making her ineligible to receive acceptance of responsibility adjustments. If a defendant "clearly demonstrates acceptance of responsibility for his offense," an acceptance of responsibility adjustment may be appropriate. USSG § 3E1.1. Application Note 2 to this Guideline also states the following:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for

---

[4] The Court notes that the Government's position on this point is unclear and potentially conflicting. During the sentencing hearing the Assistant U.S. Attorney argued in opposition to the "safety valve" adjustment that prior to Marroquin's debriefing, the prosecutor had already interviewed Andrew Rodriguez, knew about numerous deliveries to Rodriguez by Marroquin, Marroquin said she made only one delivery, and accordingly Marroquin was untruthful. Docket no. 144 at p. 22.

10

> such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

As noted by the Government, during her PSR interview, the Defendant was selective regarding when she invoked her attorney's advice to not talk with the probation officer. Although as a general rule counsel for defendant should be present for the PSR interview, in this case the issue is but for Barohn's failure to be present during the PSR, would the result of the proceedings have been different. Marroquin has not demonstrated this to be the case. During the PSR interview and indeed the evidentiary hearing in this motion to vacate, Marroquin failed to present any testimony that she clearly demonstrated acceptance of responsibility for her offenses, admitted guilt, or expressed remorse. Accordingly, those claims are dismissed.

Finally, with regard to Marroquin's claim that Barohn was deficient by advising trial so that the sentencing judge could evaluate sentencing factors more clearly; this claim is refuted by the detailed letter Barohn provided Marroquin prior to trial. Marroquin is highly educated, possessing a bachelor's degree and master's degree, was informed of the various possibilities ranging from plea to trial, and Marroquin made the informed decision to proceed to a trial. Accordingly, those claims are dismissed.

## Conclusion

The Court overrules Marroquin's objections, adopts the Magistrate Judge's Memorandum and Recommendation as modified above, and denies the motion to vacate pursuant to 28 U.S.C. § 2255.

SIGNED this 12th day of March, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE